NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

16-320

STATE OF LOUISIANA

VERSUS

WILLIAM JOSEPH DEVILLIER

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NUMBER 14-17170
HONORABLE SHARON D. WILSON, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**BILLY H. EZELL**
**JUDGE**
\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Billy H. Ezell, and John E. Conery, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN FIFTEEN DAYS FROM THE DATE OF THIS DECISION.**

Brett Gaspard
Assistant District Attorney
901 Lakeshore Drive, Suite 600
Lake Charles, LA 70601
Telephone (337) 437-3400
COUNSEL FOR APPELLEE
    State of Louisiana

Christian D. Chesson
Joseph L. Manuel
One Lakeshore Drive, Suite 1800
Lake Charles, LA 70629
Telephone (337) 436-5297
COUNSELS FOR APPELLANT:
    William Joseph Devillier

**Ezell, Judge.**

On June 26, 2014, Defendant-Appellant, William Joseph Deviller, was charged with conspiracy to possess with intent to distribute CDS II (cocaine). On September 15, 2015, Defendant-Appellant was convicted of conspiracy to possess CDS II (cocaine). On December 3, 2015, at a sentencing hearing, the trial court deferred Defendant-Appellant's sentence for a period of one year, pursuant to La.Code Crim.P. art. 893. Defendant-Appellant was placed on a one-year term of unsupervised probation subject to the general conditions of La.Code Crim.P. art. 895, along with special conditions to pay a $1,000.00 fine, to pay court costs, and to refrain from further criminal conduct.

On November 30, 2015, Defendant-Appellant filed a "MOTION FOR NEW TRIAL" and a "MEMORANDUM IN SUPPORT OF MOTION FOR NEW TIRIAL" with the trial court. Defendant-Appellant asked the trial court to "grant this motion, and after a hearing on the merits to grant a new trial vacating the conviction previously imposed." (Tr. Rec. p. 620.) On December 1, 2015, an evidentiary hearing was held; threat, the trial court denied Defendant-Appellant's Motion for New Trial.

On December 22, 2015, Defendant-Appellant filed a "MOTION FOR APPEAL and DESIGNATION OF RECORD" with the trial court. The trial court granted Defendant-Appellant's motion on December 22, 2015, with a return date within the delays allowed by law.

On April 26, 2016, this court lodged the appeal record. On May 2, 2016, this court issued a rule to show cause why the appeal should not be dismissed, as the judgment at issue is not an appealable judgment. La.Code Crim.P. art. 912(A) and (C)(1).

On May 23, 2016, Defendant-Appellant filed an "ORIGINAL BRIEF IN SUPPORT OF APPEAL OF JUDGMENT OF FOURTEENTH JUDICIAL DISTRICT COURT" with this court in response to the rule to show cause. Defendant-Appellant asserts in his brief that the trial court erred by denying his Motion for New Trial. Defendant-Appellant asserts that the trial court "found him guilty of the lesser included offense of conspiracy to possess cocaine. . . . It is from this conviction the appellant appeals." (Brief p. 2.)

Louisiana Code of Criminal Procedure Article 912(C)(1) permits an appeal by a defendant from a judgment which imposes a sentence which did not occur since the trial court "defer[red] the imposition of sentencing" in this case. Accordingly, we hereby dismiss Defendant-Appellant's appeal. However, Defendant-Appellant is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than fifteen days from the date of this decision. Defendant-Appellant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3, as we hereby construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN FIFTEEN DAYS FROM THE DATE OF THIS DECISION.**